UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

SHERRY BOUDREAUX

CIVIL ACTION NO. 14-cv-00448-JJB-RLB

VERSUS

STATE FARM MUTUAL
AUTOMOBILE INSURANCE
COMPANY, CAROL CHIASSON,
ZURICH AMERICAN INSURANCE
COMPANY, and REPUBLIC
UNDERWRITERS INSURANCE
COMPANY

## **RULING ON MOTION FOR SUMMARY JUDGMENT**

Defendant, Republic Underwrites Insurance Company ("Republic"), moves for this Court to grant summary judgment in its favor based on the argument that Plaintiff, Sherry Boudreaux, is not entitled to uninsured/underinsured motorist coverage ("UM coverage") (doc. 12).

### I. BACKGROUND

Plaintiff brought this action alleging injuries from a motor vehicle accident that occurred on April 25, 2013 (doc. 1-1). Plaintiff alleges that she was travelling on Bayou Narcisse Road when she was struck by Carol Chaisson, who ran a red light. *Id*. Plaintiff was operating her personal vehicle, a 2003 Toyota Corolla, at the time of the accident. *Id*. Plaintiff settled her claims with Carol Chaisson and Ms. Chaisson's liability carrier, State Farm Mutual Automobile Insurance (doc. 1-2). Plaintiff's amended petitioner seeks UM coverage under the policy of insurance issued to her employer, R.E. Rabalais Constructors (doc. 1-3). Plaintiff alleges to have been in the course and scope of her employment at the time of the accident (doc. 8).

Republic issued a Commercial Lines Policy to R.E. Rabalais Constructors with an effective period of October 1, 2012, through October 1, 2013 (doc. 12-4). The policy included a

Business Auto Declaration Form that includes a "Schedule of Coverages and Covered Autos." *Id.* at 14-15. This schedule includes a chart using numerical designations to show which vehicles are covered automobiles for the varying types of insurance listed. *Id.* Code "1" is defined as "any auto." *Id.* at 32. Code "7" is defined as "only those 'autos' described in Item Three of the Declarations." *Id.* Item Three of the Declarations names five vehicles, which does not include Plaintiff's 2003 Toyota Corolla. *Id.* at 16-21. On the Schedule of Coverages and Covered Autos, code "1" is listed next to the liability coverage category, and code "7" is listed next to the uninsured motorists coverage category. *Id.* at 14.

Provisions in the policy specifically address Louisiana UM coverage. *Id.* at 57. In this section, the various "insureds" are defined. *Id.* at 57-58. Covered as the Named Insured is R.E. Rabalais Constructors. *Id.* at 57. When the Named Insured is a "partnership, limited liability company, corporation or any other form of organization, then" the "insureds" also include "(c) [a]nyone else 'occupying' an 'auto' the Named Insured does not own who is an 'insured' for Liability under the Coverage Form, but only at times when that person is an 'insured' for Liability under the Coverage Form." *Id.* at 58.

An insured is defined for purposes of liability coverage in multiple places. As part of the Business Auto Coverage Form "insureds" are defined as the following: "(a) [y]ou for any covered 'auto.' [and] (b) [a]nyone else while using with your permission a covered 'auto' you own, hire or borrow, except:…(2) [y]our employee if the covered 'auto' is owned by the employee or a member of his or her household." *Id.* at 33-34. Additionally, the Republic Plus+ Commercial Auto Enhancement Endorsement also has a Business Auto Coverage Form defining who is an insured. *Id.* at 68. This Endorsement adds the following as insureds: "(f) [a]ny

2

'employee' of yours is an 'insured' while using a covered 'auto' you don't own, hire or borrow in your business or your personal affairs." *Id*.

Following the provisions extending Louisiana UM coverage for certain "insureds", the policy also excludes UM coverage for some. Specifically, the exclusion reads as follows: "[t]his insurance does not apply to … (2) 'Bodily Injury' sustained by an 'insured' while 'occupying' or struck by any vehicle owned by that 'insured' that is not a covered 'auto'." *Id*.

## II.   STANDARD OF REVIEW

A motion for summary judgment should be granted when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, show that there is no genuine dispute of material fact and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). A factual dispute is genuine when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.* 477 U.S. 242, 248 (1986). The admissibility of evidence for summary judgment purposes conforms to the rules of admissibility at trial. *Pegram v. Honeywell, Inc.*, 361 F.3d 272, 285 (5th Cir. 2004) (citations omitted). Material facts are those "that might affect the outcome of the suit under the governing law." *Anderson*, 477 U.S. at 248. Whether a fact is material will depend on the substantive law. *Id*. When addressing a summary judgment motion, the court must make reasonable inferences in favor of the nonmovant. *Evans v. City of Bishop*, 238 F.3d 586, 589 (5th Cir. 2000). If the movant meets his initial burden of showing the absence of a genuine dispute of material fact, the burden shifts to the nonmovant to identify or produce evidence that establishes a genuine dispute of material fact. *Allen v. Rapides Parish Sch. Bd.*, 204 F.3d 619, 621 (5th Cir. 2000). Rule 56(c) of the Federal Rules of Civil Procedure mandates the granting of summary judgment in any case where a party fails to make a showing sufficient to establish the existence

of an element essential to that party's case and on which that party will bear the burden of proof at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

### III. LAW AND ANALYSIS

Insurance policies are contracts, and like all contracts they constitute the law between the parties. *Paretti v. Sentry Indem. Co.*, 536 So.2d 417 (La. 12/12/88). An insurance policy is construed using the general rules of interpretation of contracts set forth in Civil Code articles 2045 through 2057. *See La. Civ. Code arts. 2045-2057*. The coverage available under a comprehensive liability policy is only that which is provided in the policy and the attached endorsements. *First Mercury Syndicate, Inc. v. New Orleans Private Patrol Svc., Inc.*, 600 So.2d 898, 900 (La. Ct. App. 4th Cir. 5/28/92). The parties' intent is to be determined in accordance with the plain, ordinary and popular meaning of the words used in a policy, and by construing the entirely of the document in a practical, reasonable and fair basis. *La. Civ. Code. arts. 2045 and 2047*; *Gleason v. State Farm Mut. Auto. Ins. Co.*, 27,297, 7 (La. Ct. App. 2d Cir. 8/23/95); 660 So.2d 137, 141.

UM coverage embodies a strong public policy to provide full recovery for innocent automobile accident victims who suffer damages caused by a tortfeasor who has no coverage or is not adequately covered by liability insurance. *Bernard v. Ellis*, 11-2377 (La. 7/2/12), 111 So. 3d 995, 1002. "Although Louisiana's public policy strongly favors UM coverage and a liberal construction of the UM statute, it is well-settled that a person who does not qualify as a liability insured under a policy of insurance is not entitled to UM coverage under the policy." *Filipski v. Imperial Fire & Cas. Ins. Co.*, 2009-1013 (La. 12/1/09), 25 So. 3d 742, 745. When the extent of UM coverage under a policy is at issue, there is a two-step analysis considered: "(1) the automobile insurance policy is first examined to determine whether UM coverage is

4

contractually provided under the express provisions of the policy; (2) if no UM coverage is found under the policy provisions, then the UM statute is applied to determine whether statutory coverage is mandated." *Green ex rel. Peterson v. Johnson*, 14-0292 (La. 10/15/14), 149 So. 3d 776, 773-74.

In light of the Louisiana Supreme Court's recent decision in *Green*, this Court first considers the policy at issue to determine whether UM coverage is contractually provided for under the express provisions of the policy. Defendant, as the mover, does not argue that the policy fails to provide UM coverage. Instead, it is Defendant's argument that either (1) the coverage does not extend to cover the Plaintiff in her personal vehicle or (2) that even assuming UM coverage could initially extend to Plaintiff, Plaintiff is then excluded from UM coverage based on the exclusion provision.

Defendant's first argument is that Plaintiff is not subject to the policy's UM coverage. Defendant argues that "[b]ecause the plaintiff does not qualify as a liability insured, she is not entitled to UM coverage under the policy." Plaintiff counters this initial argument by reference to the Republic Plus+ Commercial Auto Enhancement Endorsement's Business Auto Coverage Form (doc. 12-4, at 68). The form adds the following as insureds for liability coverage: "(f) [a]ny 'employee' of yours is an 'insured' while using a covered 'auto' you don't own, hire or borrow in your business or your personal affairs." *Id*. Plaintiff argues that this language clearly expands the class of insured for liability coverage (doc. 17, at 5-6). Plaintiff bolsters her argument by arguing that Plaintiff's employer was charged an increased premium for this "enhanced" coverage (doc. 12-4, at 28). Plaintiff does put the question of Plaintiff's liability coverage under her employer's policy as a whole into dispute. However, it is the question of whether Plaintiff is included in the UM coverage that is at issue in the instant motion.

UM coverage in this policy is extended to "[a]nyone else 'occupying' an 'auto' the Named Insured does not own who is an 'insured' for Liability under the Coverage Form, but only at times when that person is an 'insured' for Liability under the Coverage Form." *Id*. at 58. It is undisputed that Plaintiff was operating her personally owned vehicle at the time of the accident. The vehicle was not owned by the Named Insured, the employer. Further, Plaintiff has made a reasonable argument that the Republic Plus+ Commercial Auto Enhancement Endorsement's Business Auto Coverage Form extends to cover Plaintiff. Considering Plaintiff's reasonable argument, this Court continues its analysis on the assumption that Plaintiff falls into the general UM coverage language.

The remaining question for this motion is whether the UM exclusionary language excludes Plaintiff from the bounds of UM coverage. Defendant's motion acknowledges that any exclusion in UM coverage must be clear and unambiguous. *Tyler v. Dejean*, 2012-1421 (La. App. 3 Cir. 8/7/13), 121 So. 3d 204, 208, *reh'g denied* (Oct. 2, 2013), *writ denied*, 2013-2586 (La. 1/27/14), 131 So. 3d 62. Defendant proceeds to argue that the UM exclusion at issue "expressly and unambiguously excludes coverage for" Plaintiff (doc. 12-1, at 7-8). On the other hand, Plaintiff argues that there is ambiguity in the way the UM exclusion reads (doc. 17, at 11). The language from the exclusion reads as follows: "[t]his insurance does not apply to … (2) 'Bodily Injury' sustained by an 'insured' while 'occupying' or struck by any vehicle owned by that 'insured' that is not a covered 'auto'" (doc. 12-4, at 68). It is undisputed that Plaintiff seeks UM coverage for bodily injury sustained while Plaintiff, who has made a reasonable argument for why she is a liability insured, was operating a vehicle owned by Plaintiff. The dispute arises as to whether Plaintiff's 2003 Toyota Corolla is or is not what is meant by "a covered 'auto.'"

Defendant argues that the 2003 Toyota Corolla is not a "covered auto," and therefore the exclusion does apply to Plaintiff. Plaintiff argues that the 2003 Toyota Corolla is an "auto," and therefore the automobile falls within the UM coverage but not the exclusion because the exclusion applies to that which is "not a covered 'auto'". The two arguments are largely based on which words in the exclusionary language are within quotation marks, indicating the words have a special/term of art meaning. Plaintiff is correct that only "auto" is in quotation marks, not "covered auto." "Auto" is defined in the policy as "(1) A land motor vehicle, 'trailer' or semitrailer designed for travel on public roads; or (2) Any other land vehicle that is subject to a compulsory or financial responsibility law or other motor vehicle insurance law where it is licensed or principally garaged" (doc. 12-4, at 41). Plaintiff rejects Defendant's argument that the language means to apply only to "covered autos," which includes only the five specifically designated vehicles in the policy. Plaintiff, instead, urges that it remains ambiguous as to what is meant by the word covered within the UM exclusionary clause (doc. 17, at 12). Plaintiff argues that it could mean covered for UM or covered for liability. *Id*.

Defendant relies on the *Halphen v. Borja* holding that found the language of "covered 'auto'" to be unambiguous in applying only to specifically listed vehicles. 06-1465 (La. App. 1 Cir. 5/4/07), 961 So. 2d 1201, 1203-04 (La. Ct. App.) *writ denied*, 07-1198 (La. 9/21/07), 964 So. 2d 338. This is the same conclusion Defendant's ask this Court to find in granting the motion at issue. However, this Court finds that Plaintiff has sufficiently shown that the UM exclusion language is ambiguous in a material way. The word "covered" that is not given a special/term of art meaning in the policy at issue could refer to autos subject to UM coverage or to autos that are specifically defined in the policy. Further, Plaintiff bolsters its argument by noting that

ambiguities in a contractual provision are "to be construed against the insurer who issued the policy and in favor of coverage for the insured." *Halphen*, at 1205.

## IV. CONCLUSION

Ultimately, Defendants acknowledge a UM exclusion must be clear and unambiguous. Plaintiff's burden in responding to the motion for summary judgment is to identify evidence that establishes a genuine dispute of material fact. Plaintiff has satisfied its burden in supporting its argument that the UM exclusionary language is susceptible to more than one interpretation, one of which would not subject Plaintiff to the UM exclusion language. Therefore, Defendant's Motion for Summary Judgment (doc. 12) is **DENIED**. Finding oral argument unnecessary, the Motion for Oral Argument (doc. 21) filed by Plaintiff is also **DENIED**.

Signed in Baton Rouge, Louisiana, on June 2, 2015.

_____
**JUDGE JAMES J. BRADY
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA**